## UPPINGTON v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. June 6, 1899.)

1. MUNICIPAL CORPORATIONS — PUBLIC WORKS — LIABILITY FOR DAMAGES TO PROPERTY.
   A city constructing a sewer is not, in the absence of negligence, liable for damages to abutting property from settling of the ground caused by excavating in the street for such sewer.
2. SAME—NEGLIGENCE—PLANS.
   Failure of the city to adopt the most approved system in making such excavation is not negligence, if that used is reasonably safe.
3. SAME—INDEPENDENT CONTRACTORS.
   Where a contract by a city for public works makes the contractor liable for damages to abutters, and reserves no power over him for their benefit, but only power to demand the discharge of incompetent workmen, to vary or increase the work, and other powers for its own benefit, the contractor is independent, and the city is not liable for injuries caused by his negligence.

Appeal from special term.

Action by Mary T. Uppington against the city of New York. From a judgment in favor of plaintiff and from an order denying

a motion for a new trial on the minutes, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

R. Percy Chittenden, for appellant.
James Troy, for respondent.

WOODWARD, J. The plaintiff is the owner of the three-story basement house situated between Sumner and Lewis avenues, on Greene avenue, known as "No. 770," in the borough of Brooklyn. In 1894, the officials of the city of Brooklyn, charged with the duty of putting in and maintaining sewers, determined that it was necessary to construct certain sewers known as "relief sewers," to take care of the water in certain districts of the city. In the construction of section 1 of this relief sewer, the city made use of Greene avenue, making an open cut some 17 or 18 feet wide, into which the sewer was laid. In making this cut, the earth settled to some extent, and the houses along this street were more or less injured, the plaintiff claiming damages of $1,514.58. The case was allowed to go to the jury, and resulted in a verdict of $500 for the plaintiff. Defendant appeals to this court, raising the questions: (1) "Was not the injury to the plaintiff's property damnum absque injuria, merely consequential, and without fault or negligence on the part of the city and the contractor?" and (2) "Is the city responsible for negligence of the contractor?" All other exceptions are waived.

It is conceded that the property of the plaintiff does not extend to the center of the street, but is bounded upon the line of the street. If we assume this highway to have been the property of an individual, there would be no doubt of the absolute right of the owner, without negligence, to make any excavation which should be necessary to the best use of the property for his own benefit, even though it should result in injury to the property adjoining, and the rule is not different because the fee to this street was in the then city of Brooklyn. Beyond this, however, the doctrine is well established in this state that public officers lawfully employed in making public improvements, and corporations engaged in work of a public nature, authorized by law, are not liable for consequential damages occasioned by it to others, unless caused by misconduct, negligence, or unskillfulness. Atwater v. Trustees, 124 N. Y. 602, 608, 27 N. E. 385. That the city officials were authorized by law to make this improvement is not disputed; and it is not within the province of this court to inquire whether, in the discharge of this duty, the officials made the best possible selection of routes, nor is there any presumption of negligence growing out of the fact that Greene avenue, rather than some other highway, was selected to carry this new line of sewers. There was some evidence in the case from which the inference might be drawn that there was a better method of putting in this sewer than by the open-cut system, but we look in vain for any evidence that the system adopted by the city was not reasonably safe, or such as

was ordinarily used for the purpose. Nor does it appear from the evidence that, under any other system then known, the damages complained of by the plaintiff could have been averted. It was not necessary that the city, to avoid negligence, should have adopted the very best possible method. It was sufficient to adopt plans which were reasonably safe, and such as had the approval of usage; and we see in the evidence no fact which would fairly charge the city with negligence, in so far as the plans are concerned.

There was some evidence from which the jury might properly draw the inference that there was negligence in the manner in which the details of the work were carried out, and it is upon this branch of the case that the judgment must be sustained, if at all. The question arises, then, whether the defendant, by its contract with James J. Moran & Co., who put in the sewer, so far retained control of the contractors as to become responsible for their negligence. The law is well settled that an independent contractor, except in those cases where the work to be performed is intrinsically dangerous, or where it is unlawful, or where it creates a nuisance, is answerable to third persons who may suffer damages through his negligence. Engel v. Club, 137 N. Y. 100, 104, 32 N. E. 1052. The case at bar is not within any of the exceptions, and if, under the provisions of the contract, the contractors were free to control the work in those details under which the alleged negligence arose, then the defendant is not liable to this plaintiff, and she cannot recover in this action.

A careful examination of the contract under which this work was done fails to disclose any reserved power to the defendant to control the manner of executing the work, except in so far as the immediate interests of the defendant were concerned. Its supervisory powers related to the character of the work performed for the then city of Brooklyn, and not to the relations of the contractors with third persons. As to those, the contract, which defines the duties which the contractor owes (Engel v. Club, supra), provides that "the contractor shall, at his own expense, shore up, protect, restore, and make good, as may be necessary, all buildings, walls, fences, or other properties which may be disturbed or injured during the progress of the works, and the said contractor will be held responsible for all damages which may happen to neighboring properties." Again, it is provided that "the said party of the second part further agrees to do everything necessary to protect, support, and sustain the buildings on both sides of the street," etc.; and that, "in case any damage or injury shall or may result to the said buildings, * * * through or by reason of any negligence, carelessness, or want of skill on the part of said party of the second part, the said party of the second part shall become liable to pay such amount as shall or may be sufficient to cover the expense and damage occasioned by such negligence, carelessness, or unskillfulness; and such amount may, at the option of the party of the first part, be charged against the said party of the second part, and may be deducted from any sum or sums due or payable to the said party of the second part on account of this contract, and

may be paid by the party of the first part to the party or parties entitled thereto. But no legal or equitable right, interest, claim, or demand shall arise in behalf of any such third party or parties, by reason of the provision, unless the party of the first part shall actually make such deduction for the benefit of such third party or parties." The power reserved to the engineer to demand the discharge of incompetent or disorderly employés, and "to vary, extend, or diminish the quantity of work during its progress," does not go to the question of negligence as affecting third parties. These provisions all relate to the interests of the defendant, and the conclusion seems to be irresistible that James J. Moran & Co. were independent contractors, and that the defendant cannot be held responsible for any negligence on the part of these contractors. The injuries were not occasioned in consequence of the omission of any duty which was incumbent on the defendant. It had let the contract, so far as appears, to competent persons, and had provided in the contract that the contractors should be responsible for any damages occasioned by the work to third parties. The defendant did not authorize or permit any nuisance upon its premises, and it could not, therefore, be held liable for damages resulting from the negligence of those over whom, in so far as third parties are concerned, it had no control. McCafferty v. Railroad Co., 61 N. Y. 178.

The judgment should be reversed.

Judgment and order reversed, and new trial granted, costs to abide the event. All concur.