order denying a motion for a new trial, plaintiff appeals. Affirmed. Uriah W. Tompkins, for appellant. William Henry Knox, for respondent.

CONLAN, J. This is an appeal from a judgment entered upon a verdict, and from an order denying a motion for a new trial. The action was for damages for conversion, and was originally commenced in the Seventh district court of New York City, and removed to this court by order. One Heymen Israel was in debt to one Cohen, and the latter recovered judgment thereon February 21, 1896. On February 24th execution was issued upon such judgment to the defendant herein as marshal, and he, on the morning of that day, levied upon the Israel stock of goods, in a store in Park avenue, New York City. On the same day Israel undertook to sell the goods to his wife, and she, in turn, by a bill of sale dated February 24th, the same day undertook to sell to the plaintiff herein, the consideration expressed being $100. The value of the goods, as testified to, was between $225 and $240. The plaintiff undertook to make a sale of the goods at auction, but by some arrangement between him and the marshal the former's auctioneer was permitted to make the sale, which he did, and turned over the proceeds to the plaintiff, who handed them to the marshal, or laid them upon a table, and permitted the latter to take therefrom the amount of the execution, viz. $96.24. So that we have property of the alleged value of $225 or $240, sold by bill of sale for $100, and subsequently sold at auction and $96.24 realized thereon, and, in addition thereto, a further sum of about $17, and the alleged purchaser under the bill of sale consenting to a sale by the marshal, and permitting him to apply so much of the proceeds to satisfy the execution in his hands as was sufficient for that purpose. The question of real ownership was fairly submitted to the jury, and there was no exception to that portion of the charge, and the charge, on the whole, was eminently fair to the plaintiff. We have been unable for any reason to find that error was committed upon the trial or in the presentation of the case to the jury, and are of the opinion that the judgment and order appealed from should therefore be affirmed, with costs to respondent. All concur.

STUART, Respondent, v. BALE, Appellant. (Supreme Court, Appellate Division, First Department. November 10, 1899.) Action by Malcolm Stuart against Frank Bale. A. A. Mitchell, for appellant. W. J. Leitch, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

STUMPF, Respondent, v. SHANKS, Appellant. (Supreme Court, Appellate Division, First Department. October 20, 1899.) Action by Anthony Stumpf against William F. G. Shanks. S. Shanks, for appellant. H. G. Chapin, for respondent. No opinion. Judgment affirmed, with costs.

STURKE, Appellant, v. EGLEE et al., Respondents. (Supreme Court, Appellate Term. October 25, 1899.) Action by Richard Sturke against E. Eugene Eglee and William H. Flagg.

From a judgment in favor of defendant Eglee, plaintiff appeals. Affirmed. Willis B. Dowd, for appellant. Erdman, Levy & Mayer, for respondents.

FREEDMAN, P. J. This action was brought against William H. Flagg and the above-named defendant, Eglee, to recover the sum of $377.75, the admitted value of goods sold and delivered to the defendants while doing business under the style and firm name of W. H. Flagg & Co. Flagg was not served with process, and the defendant Eglee alone appears herein. The complaint alleges that the sale of the goods was induced by the false and fraudulent statements made by Flagg, in stating that a co-partnership existed between himself and Eglee, when, as a matter of fact, there was no such partnership. It also contains further allegations of deceit in the making of such statements, reliance thereon by plaintiff, and damages sustained thereby. Without passing upon the sufficiency of the complaint as stating a cause of action for fraud and deceit against this defendant, it is sufficient to say that the testimony fails to sustain the contention of the appellant, and the decision of the trial judge, based upon the facts as stated in his opinion, is fully warranted by the evidence, and the judgment must be affirmed. Judgment affirmed, with costs. All concur.

SWIFT, Appellant, v. TOUSLEY et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. September 20, 1899.) Action by Harry E. Swift against Guy Tousley and others. No opinion. Motion for leave to appeal to the court of appeals denied. SPRING, J., not voting.

SWIGERT, Respondent, v. NEW YORK CENT. & H. R. R. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. September 27, 1899.) Action by John C. Swigert, as administrator, etc., against the New York Central & Hudson River Railroad Company. No opinion. Judgment and order affirmed, with costs.

TENDZIEGOLSKI, Appellant, v. MONYHAN, Respondent. (Supreme Court, Appellate Division, Third Department. September 19, 1899.) Action by Joseph Tendziegolski against Patrick Monyhan. No opinion. Judgment of the county court affirmed.

TETHERTON, Respondent, v. UNITED STATES TALC CO., Appellant. (Supreme Court, Appellate Division, Third Department. September 12, 1899.) Action by Rose Tetherton, as administratrix, etc., against the United States Talc Company. No opinion. Motion for a reargument denied. See 58 N. Y. Supp. 55.

TETHERTON, Respondent, v. UNITED STATES TALC CO., Appellant. (Supreme Court, Appellate Division, Third Department. September 27, 1899.) Action by Rose A. Tetherton, as administratrix, etc., against the United States Talc Company. No opinion. Motion for leave to go to the court of appeals denied. See 58 N. Y. Supp. 55.